```
 1
 2
 3
 4
 5
 6
 7
 8                      UNITED STATES DISTRICT COURT
 9                     EASTERN DISTRICT OF CALIFORNIA
10                             ----oo0oo----
11   BYRON CHAPMAN, an individual;
     and DISABILITY RIGHTS
12   ENFORCEMENT, EDUCATION,
     SERVICES: HELPING YOU HELP
13   OTHERS, a California public
     benefit corporation,
14
              Plaintiffs,
15
         v.                              NO. 2:07-cv-01564 FCD EFB
16
                                         MEMORANDUM AND ORDER
17
     SUBWAY SALADS AND SANDWICHES
18   #14045; VIRGINIA BOYD HALE and
     MARY DELOUIZE, successor co-
19   trustees of THE CLARETTA C.
     TRIGUERIO TRUST; and SHIVANI
20   AGGARWAL,
21            Defendants.
     _____/
22
                               ----oo0oo----
23
24       This matter comes before the court on all defendants'
25   motion for summary judgment based upon the post-complaint
26   closure of the Subway Salads and Sandwich Shop in Rio Vista,
27   California, which was the subject of plaintiffs' claims for
28   injunctive relief pursuant to federal and state law and
```

1

statutory damages pursuant to state law.  Plaintiffs do not oppose the motion with respect to the claims for injunctive relief.  However, plaintiffs request that the court retain supplemental jurisdiction over the claims for statutory damages.

Subject to the conditions set forth in 28 U.S.C. § 1367(c), district courts may decline to exercise supplemental jurisdiction over state law claims.  See Acri v. Varian Associates, Inc., 114 F.3d 999, 1000 (9th Cir. 1997)(en banc). The court's decision whether to exercise supplemental jurisdiction should be informed by values of "economy, convenience, fairness, and comity." Id. at 1001 (citations omitted).  However, primary responsibility for developing and applying state law rests with the state courts.  Therefore, when federal claims are dismissed before trial, district courts should usually decline to exercise supplemental jurisdiction. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988); Gini v. Las Vegas Metropolitan Police Dept., 40 F.3d 1041, 1046 (9th Cir. 1994) (citing Schneider v. TRW Inc., 938 F.2d 986, 993 (9th Cir. 1991)).

Because plaintiffs' ADA claim for injunctive relief, their only federal claim, has been dismissed, the court declines to exercise supplemental jurisdiction over plaintiffs' remaining state law claims.  28 U.S.C. § 1367(c).  While plaintiffs claim that their claims for damages could be resolved through a motion for summary judgment,[1] the dispositive motion deadline has

---

[1] Plaintiffs also assert that declining to exercise supplemental jurisdiction would leave them without an available forum.  However, this unavailability is due to a pre-filing order in the California Superior Courts based upon plaintiffs'

1  passed, and defendants assert that they would oppose any
2  amendment for the purpose of filing such a motion.  (Scheduling
3  Order, filed Sept. 18, 2009) (all dispositive motions must be
4  fully briefed by October 16, 2008).  Furthermore, to date, the
5  parties have not filed any motions before the court.
6      Accordingly, defendants' motion for summary judgment is
7  GRANTED.  The Clerk of Court is directed to close this case.
8      IT IS SO ORDERED.
9  DATED: October 13, 2009.

                FRANK C. DAMRELL, Jr.
                UNITED STATES DISTRICT JUDGE

---

counsel's prior unethical conduct in relation to disability claims.  Based upon this order, the Solano County Superior Court did not allow plaintiffs leave to file this complaint in February 2007.  Under the circumstances, the court does not find plaintiffs' argument regarding the lack of an available forum persuasive.

3